MAY TERM,
1839.

Thomas
v.
Alton.

After an appeal to the circuit court, any defect, error or imperfection in the proceedings of the justice, is cured by the 8th sec. of the 8th art. of the act relating to justices' courts.

The service of a summons by a deputy constable should be in the name of his principal, but the defendant, by appearing and defending the action, waives any defect in the service of the summons,

---

### THOMAS v. ALTON.

> Where the security in an appeal bond is a material witness for the appellant, the circuit court has power, on being satisfied of the materiality of the witness, and on good and sufficient security being tendered in lieu of the original security, to cancel the original bond, and permit the appellant to file a new one; and it is error in the circuit court, in such case, to refuse to cancel the original bond and permit the appellant to file a new bond.

APPEAL from the circuit court of Washington county.

*Scott & Ziegler,* counsel for appellant:

1. That the circuit court erred in not setting aside and reversing the judgment of the justice, because the whole proceedings before the justice were irregular, and there was no sufficient service of the summons—Rev. Code, 350, sec. 1.

2. That the circuit court ought to have permitted Edward Thomas to file new and other security in the appeal bond or recognizance, that the said Edward might use the said Moses Thomas as a witness.

3. That the circuit court ought not to have received the bond in evidence on the trial, because there was no

evidence that the same was ever filed with the justice, as the foundation of the suit, according to law—Rev. Code, p. 350, sec. 6.

*J. S. Brickey,* counsel for appellee:

I conceive only two questions material to be considered in this case: 1. Was the appeal or cause properly filed in the clerk's office, including the original note sued upon before the justice, as required by law?

2. Has the appellant a right, upon motion, to withdraw or cancel his appeal bond, returned by the justice, after the papers are filed in the circuit court, even if he does offer to give another bond? Authorities cited—Stat. 370, sec. 7–8; do. 369, sec. 3 and 4.

NAPTON, Judge, delivered the opinion of the court.

Alton sued Thomas before a justice of the peace on a bond, and obtained judgment, from which Thomas appealed to the circuit court. On the trial in the circuit court, as it appears from the bill of exceptions, it was made known to the court, that one Moses Thomas, who was the security in defendant's appeal bond, was a material witness for the defendant, and the defendant filed a motion for leave to file a new appeal bond, with other good and sufficient security, in order that the said Moses Thomas might be used as a witness in his behalf. This motion was overruled by the court. Judgment went against appellant, and he seeks a reversal in this court.

It was decided by this court at the last Boonville term, in a case, (the title of which is not now recollected,) that the court had a right to order the appeal bond to be cancelled for the purpose of letting in a witness, whose testimony was material to the party's defence. To justify the exercise of this power by the court, the party must undoubtedly make out a suitable case. The appellant here appears to have done every thing that could be reasonably required. He satisfied the court, as appears from the record, of the materiality of the witness—proffered good and sufficient security in lieu of the person whose testimony was desired. The court erred in overruling the motion, and its judgment is therefore reversed, and the case remanded.

*Where the security in an appeal bond is a material witness for the appellant, the circuit court has power, on being satisfied of the materiality of the witness, and on good and sufficient security being tendered in lieu of the original security, to cancel the original bond, and permit the appellant to file a new one; and it is error in the circuit court, in such case, to refuse to cancel the original bond and permit the appellant to file a new bond.*